IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDIATAKEOUT.COM LLC, <br><br> Defendant. | Case No.: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Playboy Enterprises International, Inc., ("Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff Playboy Enterprises International, Inc. is a Delaware corporation with a principal place of business at 9346 Civic Center Drive Suite 200 Beverly Hills, CA 90210.

3. Upon information and belief, defendant Mediatakeout.com LLC ("Defendant") is a corporation duly organized and existing under the laws of New York, with a principal place of business at 130 Church Street, #267, New York, New York, 10007.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper.  Defendant is conducting business in this District and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. Plaintiff's Business

7. Plaintiff is a media and lifestyle company that markets the PLAYBOY® brand through a wide range of media properties and licensing initiatives.  Plaintiff publishes PLAYBOY® magazine in the United States and abroad and creates content for distribution via television networks, websites, mobile platforms and radio.  Through licensing agreements, the PLAYBOY® brand appears on a wide range of consumer products in more than 180 countries as well as retail stores and entertainment venues.

8. At the time the infringement commenced, Plaintiff was the exclusive licensee of iconic photographic images of the celebrity entertainer Azealia Banks entitled Azealia Banks Playboy April 2015, 07-2126, Azealia Banks Playboy April 2015, 06-1818 (collectively, the "Registered Copyright Works") and the work Azealia Banks Playboy April 2015, Page 5 TOC Image ("Unregistered Copyright Work").

9. Both the Registered and Unregistered Copyright Works are original works of authorship created by Ellen Von Unwerth. A copy of the Unregistered Copyright Work is attached hereto as Exhibit A.

10. Ms. Von Unwerth provided Plaintiff with an exclusive right to publish both the Registered and Unregistered Copyright Works and to sue for the infringement of the Registered and Unregistered Copyright Works.

11. Plaintiff, during the relevant period of infringement, is the exclusive licensee of the copyrights in and to the Registered and Unregistered Copyright Works.

12. On February 13, 2015, on behalf of Ms. Von Unwerth, Plaintiff obtained a registration with the United States Copyright Office for the photographic work entitled Azealia Banks Playboy April 2015, 07-2126. Attached hereto as Exhibit B is a copy of the certificate for Registration Number V Au 1-197-473 obtained from the United States Copyright Office as well as a form submitted to the Copyright Office correcting certain facts in the original application for registration.

13. On February 13, 2015, on behalf of Ms. Von Unwerth, Plaintiff obtained a registration with the United States Copyright Office for the photographic work entitled Azealia Banks Playboy April 2015, 06-1818. Attached hereto as Exhibit C is a copy of the certificate for Registration Number V Au 1-197-477 obtained from the United States Copyright Office as well as a form submitted to the Copyright Office correcting certain facts in the original application for registration.

14. At the time of infringement, Plaintiff owned the right and interest to sue under the copyrights in and to the Registered and Unregistered Copyright Works.

B.  **Defendant's Unlawful Activities**

15. In March of 2015, Plaintiff discovered a number of instances in which Defendant was infringing Plaintiff's exclusive copyrights in the Registered and Unregistered Copyright Works.

16. Plaintiff discovered the Registered and Unregistered Copyright Works being reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the following websites:

- http://i2.mediatakeout.com/wp-content/uploads/2010/09/Azaelia_Nekkid_PlayboyNSW1.jpg;
- http://i2.mediatakeout.com/wp-content/uploads/2010/09/Azaelia_Nekkid_PlayboyNSW2.jpg;
- http://mediatakeout.com/268897/mto-exclusive-we-got-the-uncensored-nekkid-playboy-pics-of-loud-mouth-rapper-azaelia-banks-and-her-body-looks-very-struggle.html; and
- http://i2.mediatakeout.com/wp-content/uploads/2015/03/Azaelia_Nekkid_Playboy.jpg

17. Defendant's unauthorized reproduction, distribution, and public display of the Registered Copyright Works shall be referred to hereinafter as the Infringing Works.

18. In addition, upon information and belief, Defendant applied its watermark "MEDIATAKEOUT.COM" to the Registered and Unregistered Copyright Works prior to reproducing, distributing and publicly displaying the Copyright Works at Defendant's website mediatakeout.com.  A copy of the Defendant's reproduction, distribution and public display of the Unregistered Copyright Work demonstrating the alteration of copyright management information is attached hereto as Exhibit D.

19. Upon information and belief, Defendant knowingly altered and/or falsified copyright management information to conceal Defendant's infringement of Plaintiff's Registered and Unregistered Copyright Works.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

20.  Plaintiff realleges paragraphs 1 through 19 above and incorporates them by reference as if fully set forth herein.

21.  The Registered Copyright Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive right to sue under the copyrights in the Registered Copyright Works.

22.  Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Registered Copyright Works, Defendant had access to the Registered Copyright Works prior to the creation of Defendant's Infringing Works.

23.  By their actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Infringing Works.

24.  Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

25.  As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Registered and Unregistered Copyright Works, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Registered and Unregistered Copyright Works without paying license fees, in an amount to be proven at trial. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Registered and Unregistered Copyright Works, which amounts will be proven at trial.

26. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display for each of the Registered Copyright Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

27. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

28. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**
**(17 U.S.C. § 1202)**

29. Plaintiff realleges paragraphs 1 through 28 above and incorporates them by reference as if fully set forth herein.

30. Defendant has, on information and belief, intentionally removed copyright management information included on Plaintiff's display and publication of the Registered and Unregistered Copyright Works.

31. Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

32. Upon information and belief, Defendant provided and distributed false copyright management information on the Infringing Works in order to facilitate or conceal the infringement of Plaintiff's Registered and Unregistered Copyright Works.

33. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

34. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

35. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

36. At its election, and in lieu of Defendant's profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

37. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights in the Registered Copyright Works under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Registered Copyright Works;

4. A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

5. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement and violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

6. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

7. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

8. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

9. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

    (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Registered Copyright Works or to participate or assist in any such activity; and

  (b)  directly or indirectly removing or altering any copyright management information from, or providing or distributing any false copyright management information in connection with, Plaintiff's Registered and Unregistered Copyright Works.

10. For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, New York
    September 8, 2015

            Respectfully submitted,

            DUANE MORRIS LLP


            By: *s/R. Terry Parker*
            R. Terry Parker
            1540 Broadway
            New York, NY 10036-4086
            Tel: (212) 692-1000
            Fax: (212) 692-1020
            Email: TParker@duanemorris.com

            *Attorneys for Plaintiff*
            *Playboy Enterprises International, Inc.*