Mediatakeout.com LLC
130 Church Street
Suite 267
New York, NY 10007

April 13, 2016

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, New York 10007

                    Re: *Playboy Enterprises International Inc., v. Mediatakeout.com* LLC
                         Civil Action No.: 1:15-cv-07053 (PAE)


Dear Judge Engelmayer:

      We are counsel for Defendant Counterclaim-Plaintiff, Mediatakeout.com LLC (hereinafter "Defendant"). We respectfully renew Defendant's request for an extension of time to respond to Plaintiff Counterclaim-Defendant's (hereinafter "Plaintiff") Motion to Dismiss pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Your Honor's Individual Rule 1.E.

      Defendant's deadline to respond to Plaintiff's motion to dismiss Defendant's counterclaims is April 15, 2016 under the Court's Order entered April 4, 2016. Defendant renews its request for an extension of only seven (7) days to respond to the motion to dismiss to and including April 22, 2016. This would be the first extension if granted. The Court denied Defendant's first request in an Order this morning. I did not have an opportunity to ask Plaintiff's counsel whether it would consent to this request, but assume it would not. This short, first extension will not affect any other scheduled dates and Plaintiff will not suffer any prejudice.

      Defendant makes this extension request for the following reasons:

      First, just earlier this week, the Plaintiff filed a Motion to Amend the Complaint on Monday, April 11, 2016. At a minimum, the Plaintiff's motion required the Defendant to review the motion and ultimately to respond. The next day, the Defendant responded to the Plaintiff's Motion by Letter to this Court on Tuesday, April 12, 2016. Now on Wednesday, April 13, 2016 the Defendant is asking this Court by Letter Motion for an extension of time to respond to the Plaintiff's Motion to Dismiss, which is now due on April 15, 2016.

      Second, last week for the Defendant was just as busy, with both parties actively pursuing discovery. Last week, under the Court's discovery schedule, the Defendant served its written response to the Plaintiff's First Request For Production of Documents on Wednesday April 6, 2016. Defendant also initiated a settlement phone conference with Plaintiff's counsel on April 6th and will later follow that up with a letter proposal. Defendant produced responsive documents on Friday, April 8, 2016, pursuant to its Initial Disclosures and in response to Plaintiff's 1st Request for Production of Documents. Defendant produced 367 pages of non-confidential documents and 6 pages of confidential proprietary and financial documents to Plaintiff.

On Monday, April 18, 2016, Defendant's answers to Plaintiff's Interrogatories are due. In addition, Plaintiff is due to respond to Defendant's 1st Request for Production of Documents and Interrogatories on April 18th, as well. Defendant has noticed depositions for April 21, May 4, and May 6, 2016. The deposition noticed for April 21 is of Plaintiff's Photo Editor, who is identified in Plaintiff's Initial Disclosures as the Playboy person with knowledge of every aspect of the case and is now listed in the Playboy magazine masthead on line 4 below Editor-in-Chief Hugh Hefner. Plaintiff asserts she can only be deposed pursuant to a subpoena, not a notice.

Third, while the Defendant has been working diligently to comply with the Court's discovery schedule, it has placed an undue burden on the Defendant and tipped the scales in Plaintiff's favor, to an extent. On February 25, 2016, the Defendant asked this Court by letter motion for additional time for discovery knowing the challenges ahead and we were denied. Since that time, the Defendant has devoted extensive hours to meet discovery deadlines, leaving little time for motion practice, especially with the addition of the motion filed earlier this week. The Defendant, unlike the Plaintiff, perhaps, does not have unlimited resources, is not represented by a large law firm, and does not have access to a team of lawyers and support staff to assist with this case.

Thus, Defendant has been working almost non-stop to meet the various discovery deadlines while the parties have been exchanging emails concerning preliminary disputes regarding their respective responses, adding another burden to the Defendant.

The number of hours required to meet discovery deadlines in this case has burdened the Defendant greatly and put the Defendant at a significant disadvantage. As a result, the Defendant is asking the Court for a short, first extension of time of only seven (7) days, so that it may be able to respond to the Plaintiff's Motion to Dismiss pursuant to Rule 6(b) of the Federal Rules, Your Honor's Individual Rules, and in the interest of justice, fairness and equity. This seems especially appropriate since the Court's Scheduling Plan will not be affected and Plaintiff will not be prejudiced.

Respectfully submitted
/s/ *Notoya Green*

Notoya Green
Attorney for the Defendant
Mediatakeout.com LLC