NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

# DuaneMorris®

*FIRM and AFFILIATE OFFICES*

STEVEN M. COWLEY
DIRECT DIAL: +1 857 488 4261
PERSONAL FAX: +1 857 401 3090
E-MAIL: SMCowley@duanemorris.com

*www.duanemorris.com*

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

May 19, 2016

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court - Southern
District of New York
40 Foley Square, Room 2201
New York, NY 10007

    **Re:** *Playboy Enterprises International, Inc. v. Mediatakeout.com LLC*
          Civil Action No.: 1:15-cv-07053 (PAE)

Dear Judge Englemayer:

    On behalf of Plaintiff Playboy Enterprises International, Inc. ("Plaintiff"), and having reviewed Defendant's letter opposition filed today, I write to inform the Court that Plaintiff continues to request a pre-motion discovery conference pursuant to this Court's Individual Rules and Practices in Civil Cases 2(C).

    Contrary to the statement in the letter opposition, on Friday, May 13, 2016, I did discuss with Defendant's new counsel the issues raised in the letter motion I filed on May 16. Specifically, I informed Defendant's new counsel that my office was preparing that letter motion and the two principal issues that it would raise – lack of production of the electronic information that would show where the photos were obtained, from whom and when; and lack of production of the full disgorgement related information. Defendant's counsel did not suggest that Defendant would reconsider its refusal to produce those documents, or even that he wanted time to discuss that issue with the Defendant. Instead, at the end of our call it was left that Plaintiff would pursue its request for leave to file a motion to compel.

    Defendant's counsel has represented that there are additional documents to be produced on these issues and implies that Plaintiff had no need to file its letter motion, because those documents would be produced voluntarily. Defendant's letter opposition directly contradicts the Further Response to Production of Documents served by the Defendant on May 3, in which Defendant represented as to every request at issue in the Plaintiff's letter motion that Defendant

The Honorable Paul A. Engelmayer
May 19, 2016
Page 2

has not located further documents to produce. A copy of Defendant's Further Response is attached. Defendant's lead counsel on May 3 remains Defendant's counsel now, both attorney Green and attorney Daniel, and at no time did any counsel inform Plaintiff that the Further Response was inaccurate and would be voluntarily revised.

Defendant has never produced its ESI concerning the infringing copies of the photos at issue in the case, and does not offer to produce that information now. Defendant represents that the images were taken from another website and marked up in Photoshop before uploading to the Defendant's website. But, Plaintiff is informed that in order to mark up a photo in the Photoshop program, the photo must be saved to the hard drive of the computer that has the Photoshop program. Defendant has not produced any copy, electronic or paper, of the photos downloaded from another site and stored on its hard drive. It has not produced any ESI showing the dates those actions occurred, and it is not offering to produce that information even now. Defendant has only produced a printout of the infringing images as they existed on its website – with the false copyright management information embedded – and now offers, for the first time, to produce a printout of some metadata regarding those images. The documents still sought are the electronic copies of the photos as obtained from whatever their source, with full ESI.

Similarly, Defendant's offer to produce additional documents concerning its profits from the infringement still do not resolve the discovery dispute. Under 17 USC § 504(b), Plaintiff at its option, may pursue its actual damages and disgorgement of "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Defendant apparently intends to argue that its liability for disgorgement damages is cut off at the end date for Plaintiff's actual damages – the end of its exclusive license period – but that argument is not based on the language of the statute, which refers to Defendant's full profits from infringement. Defendant's damages limitation argument has not even been presented to this Court, let alone resolved in Defendant's favor at this time. Instead, Defendant is self-declaring victory on this disputed issue by refusing to produce the discovery relevant to Plaintiff's position – that Defendant is liable to disgorge all profits through the entire time the infringing photos were available for viewing and downloading from Defendant's website. While Defendant criticizes the Plaintiff for failing to provide the Court with its evidence supporting the factual position that the images were available for viewing and downloading until an as-yet undisclosed date after the Complaint was filed, Plaintiff is asking for a conference to obtain leave to submit that very motion and supporting evidence.

Respectfully submitted,

Steven M. Cowley

cc: Defendant's Counsel (via ECF)